UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Herman Page,

        Petitioner,      Case No. 20-12570

v.      Judith E. Levy
      United States District Judge

Willis Chapman, Warden, and People
of the State of Michigan      Mag. Judge Anthony P. Patti

        Respondents.

_____/

**OPINION AND ORDER DISMISSING PETITION
WITHOUT PREJUDICE [1] AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL [3]**

Herman Page, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to Michigan Court Rule § 3.303(C) and Michigan Compiled Laws § 600.4310. Petitioner appears to challenge his 2003 conviction out of Lapeer County for first-degree murder. Mich. Comp. Laws § 750.316. For the reasons set forth below, the case is dismissed without prejudice and Petitioner's motion for appointment of counsel (ECF No. 3) is denied.

When a state prisoner challenges the very fact or duration of their physical imprisonment and when the relief that they seek is a determination that they are entitled to immediate release or a speedier release from that imprisonment, the prisoner's sole federal remedy is a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody under a state-court judgment, who wish to challenge anything affecting the legality of that custody. *See Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (*quoting Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)).

It is unclear from Petitioner's pleadings whether he wishes to file a petition for writ of habeas corpus with this Court for the following reasons. First, Petitioner does not label his petition as being filed under 28 U.S.C. § 2254. Rather, Petitioner labels his action as one being brought under Michigan Court Rule 3.303(C), which is the state-court rule for bringing a petition for writ of habeas corpus. He also cites to Michigan Complied Laws § 600.4310, which is the statutory provision for bringing a petition for writ of habeas corpus in the Michigan courts. Next, Petitioner names the Lapeer County Prosecutor as a "Defendant-

Appellee" in this action (ECF No. 1, PageID.1), rather than the Michigan Attorney General, who normally represents the State of Michigan on habeas petitions filed in this Court under 28 U.S.C. § 2254. Accordingly, as an initial matter, it does not appear that Petitioner intended to bring his claim as a federal habeas case or he has mislabeled his civil action.

When a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Casperson,* 6 F. App'x 481, 483–84 (7th Cir. 2001). Thus, rather than re-characterizing Petitioner's action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, Petitioner's case will be dismissed without prejudice. This will prevent any adverse consequences with respect to any § 2254 claim or claims that Petitioner may wish to file in the future. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner); *see*

3

*also Hornsby v. Booker*, No. 06–11612, 2006 WL 932101, * 1 (E.D. Mich. Apr. 11, 2006) (dismissing Rule 60(b) motion for relief from judgment that had been brought to challenge state-court conviction without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254); *Warren v. Miller*, 05-651; 2005 WL 3007107, * 3 (W.D. Mich. Nov. 9, 2005) (dismissing petition for writ of habeas corpus brought by state prisoner under section 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254).

Moreover, even if this Court were to construe this action as a habeas petition brought pursuant to 28 U.S.C. § 2254, the petition is subject to dismissal because there is no indication that Petitioner exhausted his claim with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275–78 (1971); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach

4

the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Further, federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). A petitioner's failure to exhaust state-court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

This action is subject to dismissal because Petitioner failed to allege or indicate in his petition that he has exhausted his state-court remedies. *See Peralta v. Leavitt,* 56 F. App'x. 534, 535 (2d Cir. 2003); *see also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Moreover, Petitioner's claim that there is a "radical jurisdictional defect" with his conviction does not excuse the exhaustion requirement. A number of cases have held that a habeas petitioner is required to exhaust any jurisdictional defect

5

claim with the state courts before presenting such a claim to the federal courts in a petition for writ of habeas corpus. *See Keener v. Ridenour,* 594 F.2d 581, 591 (6th Cir. 1979); *see also Daniel v. Lafler,* No. 06-10718, 2006 WL 1722219, \* 2 (E.D. Mich. June 20, 2006)*; Banks v. Smith,* 377 F. Supp. 2d 92, 96 (D.D.C. 2005); *Warren v. Hogan,* 373 F. Supp. 1241, 1243 (S.D.N.Y. 1974).

A prisoner in Michigan can potentially raise jurisdictional defect claims in a state habeas petition filed in the county where he or she is incarcerated. *See Triplett v. Deputy Warden,* 142 Mich. App. 774, 780 (1985) (*citing In Re Stone,* 295 Mich. 207 (1940)); Mich. Ct. Rule § 3.303. To the extent Petitioner is seeking state-court habeas relief, the federal court is not the appropriate court to bring this case. Rather, Petitioner's state habeas action should be filed in the Lapeer County Circuit Court, the county where he is incarcerated. Accordingly, his action is dismissed without prejudice. Because the Court is dismissing his case, it also denies Petitioner's motion to appoint counsel. (ECF No. 3.)

## ORDER

The Court dismisses the case without prejudice. Petitioner's motion for the appointment of counsel is denied. (ECF No. 3.)

IT IS SO ORDERED.

Dated: October 21, 2020        s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2020.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager